IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH GLOVER-BARTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No.   20 C 2775 |
| | ) | |
| v. | ) | Judge:  John Z. Lee |
| | ) | |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(6)**

Defendant City of Chicago ("Defendant City"), by and through its attorney, Celia Meza, Acting Corporation Counsel for the City of Chicago, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), respectfully moves this honorable Court to dismiss Plaintiff's complaint. In support thereof, Defendant City states as follows:

**STATEMENT OF THE CASE**

On April 30, 2020, Plaintiff Kenneth Glover-Bartley ("Glover-Bartley") filed his complaint pursuant to 42 U.S.C. § 1983 and various state law claims purportedly arising out of Glover-Bartley's arrests on October 1–12, 2012 and on May 4, 2018. ECF No. 1 at 3–4. Glover-Bartley's complaint contains 12 counts: Count I against "Chicago Police" and Defendant City alleging excessive force, false arrest, and unlawful search and seizure under section 1983; Count II against all defendants alleging conspiracy to deprive him of his constitutional rights under section 1983; Count III against Defendant Officers and the Illinois State Police alleging failure to intervene under section 1983; Count IV against all defendants alleging police pattern or practice under 42 U.S.C. § 14141; Count V against all defendants alleging conspiracy against rights and deprivation of rights under color of law under section 1983; Count VI against Defendant Officers Roberto Garduno and Adam Dewitt alleging

conspiracy against rights and deprivation of rights under color of law–sexual assault under section 1983; Count VII against all defendants alleging state law claims of malicious prosecution and intentional infliction of emotional distress; Count VIII against Defendant City for *respondeat superior*; Count IX against Defendant City for indemnification; Count X against the "The Chicago Police" alleging unreasonable seizure and false arrest; Count XI alleging a violation of the right to keep and bear arms under section 1983; and Count XII alleging a violation of the right to procedural due process under section 1983. ECF No. 1 at 10–19. Based on the arguments below, this case should be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

Further, because Glover-Bartley has failed to complete service despite having ample time and opportunity to do so, his case should be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(5)

### I. Standard for dismissal

To survive a Rule 12(b)(5) motion to dismiss, the "plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). If the plaintiff does not meet that burden, the court "must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id.* The decision to dismiss or extend the period for service is within the court's discretion. *Cardenas*, 646 F.3d at 1005; *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).

### II. Glover-Bartley's complaint must be dismissed for failure to timely serve Defendant City within 90 days.

Service of process of a defendant must be accomplished within 90 days of filing of the complaint unless there is good cause for failing to do so. Fed. R. Civ. P. 4(m). The plaintiff must ensure that each defendant receives a summons and a copy of the complaint. *Cardenas*, 646 F. 3d at 1004.

Here, Glover-Bartley's complaint was filed on April 30, 2020. ECF No. 1. Considering solely Rule 4(m)'s 90-day service requirement, Glover-Bartley's deadline to serve defendants would have been July 29, 2020. However, just prior to date of filing of Glover-Bartley's complaint, the Northern District of Illinois issued Third Amended General Order 20-0012, In Re: Coronavirus COVID-19 Public Emergency, which was signed by Chief Justice Rebecca R. Pallmeyer on April 24, 2020. ECF No. 6. The Third Amended General Order—on top of incorporating Amended General Order 20-0012 (which extended all civil deadlines by 21 days) and Second Amended General Order 20-0012 (which extended all civil deadlines by an additional 28 days)—extended all civil deadlines an additional 28 days. ECF No. 6 at ¶ 2. Effectively, considering these three deadline extensions afforded to Glover-Bartley though the Court's First, Second, and Third General Orders, Glover-Bartley's deadline to serve defendants was, at latest, October 14, 2020. However, the court docket shows that no service of summons was issued or attempted to be issued to Defendant City, and the Office of the City Clerk of the City of Chicago did not receive Glover-Bartley's complaint with a request to waive formal service until November 18, 2018, more than a month after his deadline.

Further, on December 10, 2020, the Court admonished Glover-Bartley that Rule 4(m) requires defendants to be served within 90 days after the complaint is filed, and that deadline will only be extended if Glover-Bartley demonstrated good cause for the failure to serve defendants within that time frame. ECF No. 15. Glover-Bartley thus far has not shown good cause or any other justification for extending the time for service of process beyond the 90-day limit. On that basis alone, the Defendants are entitled to dismissal of the complaint. However, to the extent Glover-Barley contends that good cause exists, his argument will likely fail as 1) he has had three extensions afforded to him to serve Defendant City though the Court's General Orders arising from the COVID-19 pandemic and 2) there is no indication in the Court's docket that Glover-Bartley ever sought additional time to serve Defendant City. Further, an argument that Glover-Bartley's neglect to timely serve Defendant

City based on his status as a *pro se* litigant is insufficient to show good cause to excuse untimely service of process. While a court can give liberal construction to a pro se plaintiff's complaint, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Accordingly, because Glover-Bartley has failed to effectuate service despite being given ample time to complete service, his case must be dismissed.

## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)

### I. Standard for dismissal

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that, when accepted as true, will state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's statement of claims requires more than labels, conclusions, or a recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. The court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, *Chancey v. Suburban Bus Division of Regional Transportation Authority*, 52 F.3d 623, 626–27 (7th Cir. 1995), but may disregard a complaint's "inconceivable" allegations, *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011).

### II. Defendant City cannot be held vicariously liable for the alleged acts of its employees, and therefore, Counts I, II, V, and X should be dismissed.[1]

---

[1] Count X of Glover-Bartley's complaint appears to be duplicative of Count I. Similarly, Count V appears to be duplicative of Count II. Further, Glover-Bartley's section 1983 claims contained in Counts I, II, V, and X pertaining to the October 1–12, 2012 incident are time-barred. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (the statute of limitations for section 1983 cases filed in Illinois is two years); *Hobley v. Burge*, 03 C 3678, 2004 WL 2658075, at *7 (N.D. Ill. Oct. 13, 2004) ("plaintiffs in civil conspiracy actions [may] recover only for overt acts alleged to have occurred within the applications limitations period.") (internal quotations omitted).

Additionally, individual Defendant Officers were just recently served by Glover-Bartley. To the extent that their prospective City attorneys receive their consent to representation, Defendant Officers will file their responsive pleadings within the requisite deadlines. Further, for these same reasons above and as argued in Section V, many of the claims against Defendant Officers are also time-barred.

As an initial matter, Defendant City cannot be held vicariously liable for the acts of its employees. As is well settled, in federal court, a municipality cannot be held liable for the tortious acts of their employees. *Bd. of County Com'rs of Bryan County, Okl.*, 520 U.S. at 403. Doing so would be holding a municipality liable under *respondeat superior*, which the Supreme Court of the United States has consistently refused to do. *Id.* Instead, to hold a municipality liable, a plaintiff must allege, with sufficient support, that the alleged deprivation of rights occurred based on a custom or policy of the municipality. *Id.* Because these counts sound in vicarious liability, Defendant City should be dismissed from Counts I, II, V, and X.[2]

### III. Glover-Bartley cannot bring a private right of action under 42 U.S.C. § 14141.

Glover-Bartley alleges that all defendants violated 42 U.S.C. § 14141 (recodified at 34 U.S.C. § 12601, effective September 1, 2017), which makes it unlawful for any person acting on behalf of a governmental authority to engage in a practice or pattern of conduct that deprives juveniles of their constitutional rights. *See* 34 U.S.C. § 12601(a). However, section 12601 authorizes only the Attorney General of the United States to bring civil actions under the statute when he or she has reasonable cause to believe that a violation of the statute has occurred. *See* 34 U.S.C. § 12601(b). The statute provides no private right of action. Because section 12601 does not afford Glover-Bartley a private right of action, Count IV should be dismissed as frivolous and for failing to state claim.

### IV. To the extent Glover-Bartley brings forth a *Monell* claim, such a claim fails as he offers no specific facts to support his claim.

To the extent that Glover-Bartley is attempting to bring forth a *Monell* claim, he has failed to plead sufficient facts to state a *Monell* claim post-*Iqbal*. A municipality can be held liable under 42 U.S.C. § 1983 only when the constitutional deprivation is caused by the municipality's own conduct.

---

[2] To the extent any claims against the individual Defendant Officers are eventually dismissed, so too should the indemnification claim against Defendant City as to those claims. *See* 745 ILCS 10/2-109 (West 2014) (a municipality is not liable for an injury resulting from an act or omission of its employee where the employee is not liable).

*Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978). A *Monell* claim is directed at the municipality itself, alleging that a policy, practice, or custom was the "moving force" behind plaintiff's constitutional deprivation. *Bd. of Cnty. Comm'ns v. Brown*, 520 U.S. 397, 400 (1997); *Wilson v. Cook Cnty.*, 742 F.3d 775, 780 (7th Cir. 2014). Further, mere employment of an offending official is insufficient to establish liability. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985).

Thus, to succeed on a *Monell* claim, a plaintiff must show that municipal action was taken with the requisite degree of culpability and that such action directly caused the alleged deprivation of federal rights. *Tuttle*, 471 U.S. at 810. Three types of allegations against a municipality can support a *Monell* claim: (1) an express policy that caused a constitutional violation when enforced; (2) a widespread practice that, although not an express or written policy, is permanent enough that it constitutes a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by someone with final policy-making authority. *Thomas v. Cook Cnty. Sheriff's Dep't.*, 604 F.3d 293, 303 (7th Cir. 2009); *see also, e.g., Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005); *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). To the extent Glover-Bartley brings a *Monell* claim against Defendant City, he would appear to be proceeding only on the second theory of liability. ECF No. 1 at 2 and 12. At no point does Glover-Bartley allege an express policy or that someone with final policy-making authority committed any misconduct. As such, there is no factual basis for proceeding under the first and third *Monell* prongs of liability.

Further, to state a *Monell* claim post-*Iqbal*, a plaintiff must plead factual content to allow the court to draw the reasonable inference that the City maintains the problematic policy or practice in question. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). This entails "provid[ing] some specific facts to support the legal claims asserted in the complaint." *Id.*; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Although the specificity of these facts required is not easily quantified, it must be

"enough detail about the subject-matter of the case to present a story that holds together." *McCauley*, 671 F.3d at 616.

### A. Glover-Bartley's claim that "[t]here is a constant trend and patterned practice of malicious prosecution. . ." is insufficiently pled.

Here, Glover-Bartley provides no factual specificity about his claims other than a conclusory allegation that "[t]here is a constant trend and patterned practice of malicious prosecution. . . ," and he bases this allegation solely on his conclusory claim that he has been "written over 15 false tickets/bonds from 2012-2018 that have been roughly 80% dismissed cause of the lack of evidence or my proof of misleading information by the officer or ticket issuer." ECF No. 1 at 2–3. First, Glover-Bartley does not point to any specific facts or examples showing that the alleged constant trend, pattern, or practice of malicious prosecution were in fact a widespread practice by Defendant City. In fact, Glover-Bartley himself states that a "*small minority* of Chicago Police Officers [a]ctively engage in malicious and bias ticket writing to mostly people of color [and] Latinx. . ." *Id.* at 3 (emphasis added). Not only is this completely unsupported by any facts, it also runs contrary to a claim of a *widespread* practice of Defendant City. Additionally, Glover-Bartley's complaint is silent as to the manner in which the charges pertaining to the October 1–12, 2012 and May 4, 2018 arrests were dismissed, (i.e., by stricken with leave to reinstate or *nolle prosequi*) and fails to plead any facts as to the circumstances surrounding the dismissals of the charges—which further curtails his argument of a current pattern or practice of malicious prosecution.

Glover-Bartley's assertation of an improper police pattern or practice is not supported by any facts, let alone facts that are well-pled and support that his arrests were unjustified. Therefore, Glover-Bartley has not "provid[ed] some specific facts to support the legal claims asserted in the complaint." *McCauley*, 671 F.3d at 616; *see also Turner v. City of Chicago*, 2020 WL 1548957, 19 C 272 (N.D. Ill. March 31, 2020) (Coleman, J.) ("threadbare assertion that other instances similar to this have occurred in some manner, by some unspecified officers during an unspecified time period" does not

raise claim to relief above speculation). Essentially, Glover-Bartley makes conclusory statements regarding a speculative pattern or practice of malicious prosecution without any factual support. ECF No. 1 at 3, 5. As a result, statements like these are nothing more than conclusory and are not entitled to a presumption of truth. *McCauley*, 671 F.3d at 616.

Moreover, as discussed *supra*, Glover-Bartley is "to point to facts that would support an inference that the City of Chicago engaged in a widespread practice, custom, or policy that led to a constitutional violation." *Coleman v. City of Chicago*, 13 C 6792, 2014 WL 3706584, at *3 (N.D. Ill. July 25, 2014). Plaintiffs "must plead factual content sufficient to permit a reasonable inference that the City of Chicago maintained a policy, custom, or practice that proximately caused plaintiffs' alleged injuries." *Mikolon v. City of Chicago*, 2014 WL 7005257, at *4 (N.D. Ill. Dec. 11, 2014). Since Glover-Bartley's complaint does not contain factual allegations sufficient to establish that any of the complained-of policies exist, there can be no reasonable inference that any such policy caused any alleged injury. As such, Glover-Bartley's *Monell* claim against Defendant City, to the extent he brings such a claim, should be dismissed.

    **V.**    **Glover-Bartley's state law claims against Defendant City pertaining to the October 1–12, 2012 and May 4, 2018 incidents are time-barred (VII and VIII).**

"While all federal claims under section 1983 arising in Illinois borrow Illinois' two-year statute of limitations for personal injury actions… a federal court applies to state-law claims the same limitations period a state court would apply." *Ellis v. City of Chicago*, 2000 WL 1774084, at *6 (N.D. Ill. Dec. 1, 2000). There is a one-year statute of limitations for state law tort claims against the City or its employees in Illinois. 745 ILCS 10/8-101; *Williams v. Lampe,* 399 F.3d 867, 870 (7th Cir. 2005). Further, a cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 104 (2004).

Glover-Bartley claims that he was arrested for the October 1–12, 2012 incident and was in the Cook County Jail system for "4 days with a 20,000.00 bond and a felony charge of AGG UUW for my legal weapon that was found unconstitutional and dismissed, missing a total of 4 days of class and 3 days of work." ECF No. 1 at 3–4. Taking this statement into account and with liberal interpretation, the statute of limitations period for Glover-Bartley's malicious prosecution claim (Count VII) related to the October 1–12 incident would have started tolling on or about October 16, 2012 (considering the four days he was in jail after October 12, 2012, until he claims his felony charge was dismissed). As such, Glover-Bartley had one year from October 16, 2012 to bring his malicious prosecution claim. Further, Glover-Bartley's IIED and *respondeat superior* claims (Counts VII and VIII) would have accrued on October 1–12, 2012. Similarly, Glover-Bartley's claims of IIED and *respondeat superior* as they pertain to the May 4, 2018 incident would have accrued on May 4, 2018.³ Glover-Bartley filed his complaint on April 30, 2020, several years after the applicable one-year statute of limitations for these state claims. Therefore, these state claims based on the incidents occurring on October 1–12, 2012 and May 4, 2018 are time-barred.

**VI. Glover-Bartley has failed to plead a state claim of malicious prosecution.**

In Count VII of his complaint, Glover-Bartley asserts a malicious prosecution claim against defendants based on the alleged felony charges filed against him related to the October 1–12, 2012 and May 4, 2018 incidents. ECF No. 1 at 15–16. This claim, however, must be dismissed because Glover-Bartley has failed to plead facts establishing a Chicago police officer(s) commenced or continued the action or that the proceedings were terminated in his favor.⁴ The Illinois Supreme Court

---

³ As discussed in Section VI, Glover-Bartley does not allege when or how the criminal case surrounding the May 4, 2018 incident concluded. Thus, Defendant City cannot determine at this time whether a malicious prosecution claim resulting from his May 4, 2018 arrest would also be time-barred.

⁴ Again, because Glover-Bartley has not made any allegations relating to the conclusions of the criminal proceedings, the City cannot at this juncture determine whether this or any other claims are also barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

has long recognized that "'suits for malicious prosecution are not favored.'" *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 24 (citations omitted). "To state a cause of action for the tort of malicious prosecution, the plaintiff must prove five elements: '(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.'" *Id.* ¶ 26 (citations omitted). The failure to establish any of these elements bars a plaintiff's malicious prosecution claim. *Id.*

### A. Commencement and continuance.

When a criminal proceeding is at issue, "the relevant inquiry is whether the [defendant] proximately caused the commencement or continuance of [that] proceeding." *Beaman*, 2019 IL 122654, ¶ 33. "A criminal proceeding is commenced when a complaint, an information, or an indictment is filed." *Id.* (citing 725 ILCS 5/111-1 (West 2016)). A police officer does not commence a prosecution solely by giving false information to the proper authorities. *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 346 (2000). When a person makes a "knowingly false report to a prosecuting officer, the resulting prosecution is attributable to that person." *Allen v. Berger*, 336 Ill. App. 3d 675, 678 (2002). Likewise, a defendant is not liable for "continuing" a criminal proceeding unless plaintiff can supply evidence "showing that the defendant improperly exerted pressure on the prosecution, knowingly provided misinformation to him or her, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct" that was "instrumental" in the initiation or continuation of the prosecution. *Beaman*, 2019 IL 122654, ¶ 44. Further, a prosecutor's decision to commence or continue suit breaks the causal chain. *Beaman*, 2019 IL App (4th) 160527 at ¶ 90.

Here, Glover-Bartley's complaint contains insufficient factual basis to support that Defendant City (through Defendant Officers) improperly exerted pressure on any prosecutor, knowingly provided misinformation to a prosecutor, concealed exculpatory evidence, or engaged in wrongful or

bad-faith conduct instrumental in the initiation of the prosecution. *Id.* at ¶¶ 69, 85–90. Glover-Bartley contends that "[Defendant Officers] made statements to prosecutors with the intent of exerting influence, and to institute and continue the judicial proceedings against Kenneth." ECF No. 1 at 15. However, Glover-Bartley offers only a threadbare recitation of the elements of a malicious prosecution claim without presenting specific facts that Defendant Officers played a significant role in proximately causing the relevant assistant state's attorneys to commence or continue his prosecution. As such, Glover-Bartley's malicious prosecution claim fails as to this element.

### B. Termination of proceedings in plaintiff's favor.

Glover-Bartley has not pled any facts demonstrating that the criminal proceedings were terminated in his favor (or terminated at all, as to the May 4, 2018 incident) in a manner indicative of innocence. Favorable termination is one of the necessary elements of a malicious prosecution action. *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996). As to the October 1–12, 2012 incident, Glover-Bartley alleges only that his felony charge was found "unconstitutional and dismissed . . . ." ECF No. 1 at 4. Glover-Bartley does not state how the charge was "dismissed." The distinction is important because a case that is stricken with leave to reinstate does not finally dispose of it. *See Ferguson v. City of Chicago*, 213 Ill. 2d 94, 100 (2004) ("[T]he courts of Illinois have consistently recognized that the striking of charges with leave to reinstate does not terminate the proceedings against the accused."). As such, to the extent the criminal charges against Glover-Bartley were stricken with leave to reinstate, the dismissal did not result in a termination, favorable or otherwise, of the criminal proceedings. Moreover, a *nolle prosequi* does not necessarily implicate innocence. *See Swick*, 169 Ill. 2d at 514 ("The bare use of the *nolle prosequi* order, which did not state its reasons for its entry, did not establish that the criminal proceedings were terminated in a manner consistent with Swick's innocence."); *Allen v. Berger*, 336 Ill. App. 3d 675, 680-81 (2002) (plaintiff's allegations that the prosecutor "dismissed the indictment" and that the criminal prosecution was "terminated in his favor" were not enough where

plaintiff failed to allege any of the circumstances surrounding the dismissal of the criminal proceedings). Additionally, as to the May 4, 2018 incident, Glover-Bartley does not plead any facts even insinuating the disposition of the charge of aggravated unlawful use of a weapon "for a second time" related to that date. ECF No. 1 at 4.

Glover-Bartley's complaint therefore does not establish that the criminal proceedings were terminated in his favor—that is, in a manner indicative of his innocence. In *Swick*, the Supreme Court stated:

> "The abandonment of the proceedings is not indicative of the innocence of the accused when [it] is the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial." 169 Ill. 2d 504 at 513.

Additionally, "[t]he circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution. Otherwise, every time criminal charges are [dismissed,] a civil malicious prosecution action could result." *Id.* at 513–14. Furthermore, plaintiff bears the burden of pleading and proving a favorable termination, and this burden is met only when she establishes that the dismissal was entered for reasons consistent with her innocence. *Id.* at 513. As such, pursuant to the Supreme Court's holding in *Swick*, plaintiff is required to plead the circumstances surrounding the abandonment of the criminal proceedings and those circumstances must compel an inference that a lack of reasonable grounds led to the dismissal of the proceedings. *Id.*

Here, Glover-Bartley did not plead any of the circumstances leading up to the dismissal of the criminal proceedings. Glover-Bartley's allegations do not disclose why the prosecuting attorney chose to dismiss the criminal charges pertaining to the October 1–12, 2012 incident, and it is unclear whether the proceedings were terminated in a manner indicative of his innocence. Likewise, it is unclear if the charge related to the May 4, 2018 incident was even dismissed given Glover-Bartley's failure to plead

any facts attendant to the disposition of this charge. As such, Glover-Bartley has not met his burden of pleading a favorable termination.

### VII. Defendant City is not the proper defendant to address Counts XI and XII.

Pursuant to Section 5 of the FOID Card Act, the Illinois Department of State Police ("ISP") shall either approve or deny applications for a FOID Card. *See* 430 ILCS 65/5(a). Further, ISP has the has authority to deny an application for or to revoke and seize a FOID card. 430 ILCS 65/8. Additionally, whenever an application for a FOID card is denied; the ISP fails to act on an application within 30 days of its receipt; or a card is revoked or seized—a party may appeal to the Director of State Police for a hearing. *See* 430 ILCS 65/10(a). Section 10 of the act also provides that a party may petition the circuit court in the county of his residence for a hearing if the denial, revocation, or seizure of the card falls under the instances provided in 430 ILCS 65/10(a)–(c). *Id.* Further, at the hearing, the State's Attorney may object to the petition and present evidence. *See* 430 ILCS 65/10(b)–(c).

Under Section 10 of the Firearm Concealed Carry Act ("FCCA"), ISP shall issue a license to carry a concealed firearm under the act to an applicant who meets the requirements under subsubsection (a). *See* 430 ILCS 66/10(a). ISP also shall issue a renewal, corrected, or duplicate license, as well as deny the applicant a license, if the applicant fails to meet the requirements under the FCCA or the ISP receives a determination from the Concealed Carry Licensing Review Board that the applicant is ineligible for a license. *See* 430 ILCS 66/10(b) and (f); 430 ILCS 66/50.

Essentially, Defendant City does not have the authority to grant, deny, revoke, nor seize a FOID card—nor does Defendant City have the authority to process a FOID appeal and grant the relief requested in a FOID appeal. Defendant City also does not have the authority to issue, renew, correct, duplicate, or deny a concealed carry license. As such, Defendant City is not the proper defendant to address Counts XI and XII.

### VIII. The Chicago Police Department and the Chicago Department of Finance are not suable entities.

The Chicago Police Department and the Chicago Department of Finance must be dismissed because they are not suable entities. Federal Rule of Civil Procedure 17(b)(3) governs a defendant's amenability to suit. If the defendant is not an individual or a corporation, capacity to be sued is determined by state law. Fed. R. Civ P. 17(b)(3). To be sued in Illinois, "[a] party to litigation must have a legal existence, either natural of artificial." *Jackson v. Vill. of Rosemont*, 180 Ill. App. 3d 932, 937 (1st Dist. 1988). The Chicago Police Department and the Chicago Department of Finance are subdivisions of the City of Chicago and have no separate legal existence apart from the City, and therfore, are not entities subject to suit separate from the City. *See Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001).

### IX. Glover-Bartley lacks Article III standing to claim injunctive and declaratory relief.

Glover-Bartley does not have Article III standing to seek equitable relief in this lawsuit. "Those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Plaintiffs must demonstrate that they have standing to litigate a claim—that is, a "personal stake in the outcome." *Id.* (internal quotations omitted). The personal-stake requirement applies to all types of actions—including those for damages and declaratory or injunctive relief. Plaintiff bears the burden of showing that they have standing for each form of relief sought. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Simic v. City of Chicago*, 851 F.3d 734, 735 (7th Cir. 2017). To do so, he must allege an injury that is "actual and imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. 555, 560 (1992) (quoting *Lyons*, 461 U.S. at 102).

The showing required depends on the type of relief sought—for money damages, a past injury alone is sufficient to have standing. *See Lyons*, 461 U.S. at 105. But to seek prospective relief—either

declaratory or injunctive—the existence of a past injury alone is insufficient to establish standing. *See Simic*, 851 F.3d at 738 ("Unlike with damages, a past injury alone is insufficient to establish standing for purposes of prospective injunctive relief."); *Lyons*, 461 U.S. at 102 (citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects."). Instead, to have standing to seek prospective relief, plaintiffs must demonstrate that they face a "real and immediate" threat of future injury as opposed to a threat that is merely "conjectural or hypothetical." *Simic*, 851 F.3d at 738; *Swanigan v. City of Chicago*, 881 F.3d 577, 583 (7th Cir. 2018).

Here, Glover-Bartley alleges only a past harm. This is insufficient to establish that he has standing to seek equitable relief and by itself warrants dismissal for such relief. Glover-Bartley's standing to seek equitable relief depends solely upon there being a sufficient likelihood that he will again be harmed in a similar way as a result of the City's alleged customs and practices. Glover-Bartley's pleading does not allege that he will be subjected to another purportedly unlawful arrest in the imminent future. Even if he did allege that, such an allegation would be nothing more than the sheer speculation rejected in *Lyons*. Finally, "withholding injunctive relief does not mean that the federal law will exercise no deterrent effect in these circumstances. If [plaintiff] has suffered an injury barred by the Federal Constitution, he has a remedy for damages under § 1983."). *See Lyons*, 461 U.S. at 112–13 (internal quotations omitted).

## CONCLUSION

WHEREFORE the Defendant City of Chicago respectfully requests this Court to grant this motion to dismiss for insufficient service and failure to state a claim and dismiss Plaintiff Kenneth Glover-Bartley's complaint at law.

Respectfully submitted,

**CELIA MEZA**
Acting Corporation Counsel
for the City of Chicago

*/s/* Lavang Zehawi
**LAVANG ZEHAWI**
Assistant Corporation Counsel

Marion Moore, Chief Assistant Corporation Counsel
Danielle Alvarez, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
Phone: (312) 742-0333
Attorney Number: 6306636
Lavang.Zehawi@cityofchicago.org
**Attorneys for Defendant City of Chicago**